UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cr. No. 09-24-B-W |
| | ) | Cr. No. 13-00001-B-W |
| JAMES CAMERON, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S REPLY MEMORANDUM IN AID OF RE-SENTENCING**

The Government submits this reply memorandum to address issues raised in Defendant's Sentencing Memorandum, and at the Presentence Conference.

**A. Consideration of Conduct Underlying Vacated Counts**

In its Memorandum in Aid of Sentencing, the Government argued that when the Court resentences Defendant, it should consider the conduct underlying the counts vacated by the First Circuit. The vacated conduct arises from Defendant's upload of child pornography to Yahoo servers. Law enforcement became aware of these uploads because Yahoo found the images on its servers, captured them and reported them to the National Center for Missing and Exploited Children (NCMEC). Defendant claims that because the Yahoo employee who made each referral was not identified, the referrals Yahoo made to NCMEC were tantamount to anonymous tips that are unreliable and therefore unworthy of the Court's consideration. For the following reasons, this argument lack merit.

The evidence adduced at trial included the following facts:

1

1. Yahoo made the referrals to NCMEC in accordance with Yahoo's statutory obligation to report this type of content on its servers. Trial Testimony of Christian Lee, page 165 (Lee p. X).

2. Yahoo has a standard procedure for reporting images of child pornography found on its servers. Lee p. 165. After Yahoo becomes aware of its existence, an employee of Yahoo's Customer Care Department will personally review the material on Yahoo's servers. Lee p. 165-166. If it appears to contain child pornography, they will deactivate the account, Lee p. 166, and create an archive of all images found. Lee p. 167. The archive is then sent to Yahoo's Legal Compliance Department, along with all pertinent information associated with the images. Lee p. 167.

3. Upon receiving a referral from Customer Care, an employee in the Legal Compliance Department will again view the material to determine whether it appears to contain child pornography. Lee p. 169. If it does, they will report it to NCMEC.

4. All reports to NCMEC are made through an established procedure that every employee of Yahoo's Legal Compliance staff is required to follow. Lee p. 170-171.

5. All referrals to NCMEC are made through a secure internet connection to which only employees of the Legal Compliance Department have access. Lee p. 170.

6. Yahoo maintains a record of every report it makes to NCMEC. Lee p. 172. That record includes where on Yahoo's servers the images were located, the date and time the archive was created, the date and time the report to NCMEC was made, Lee p. 187, and the name that was on each image file when Yahoo found it. Lee p. 190.

7. Yahoo also maintains the photo archive it makes for any images as to which a referral is made. Lee p. 190. The records of Yahoo's referrals to NCMEC, and the corresponding photo archives, are stored on Yahoo servers. Lee p. 190. Those servers are reliable and are periodically checked for accuracy. Lee p. 16-17.

These facts demonstrate that even though the person who initially verified the existence of the images on Yahoo's servers has never been identified, the process by which the images were identified, verified and referred to NCMEC was reliable.

In addition, the trial record included the following evidence:

1. Yahoo has a standardized procedure for responding to legal process for disclosure of records. Lee p. 91. Every employee in the Legal Compliance Department is required to follow that procedure each time they respond to a legal request. Lee p. 91.
2. All data is stored on Yahoo servers that are reliable, Lee p. 16, and periodically checked for accuracy. Lee p. 17. An employee from the Legal Compliance Department personally retrieved the records that were turned over in response to legal process in this case. Lee p. 60.
3. The Legal Compliance Office uses the same search tools to respond to every legal request. Lee p. 61. None of those search tools has been known to generate mistakes. Lee p. 49.
4. Legal Compliance employees keep a record of all materials they produce. Lee p. 92.
5. Everything on the discs introduced at trial is a true and accurate copy of material that Yahoo produced in response to legal process in this case. Lee p. 120.

This evidence supports the conclusion that the process by which these NCMEC referrals and photo archives were retrieved from Yahoo servers and turned over to the Government was also reliable.

This is simply not analogous to an anonymous tip to law enforcement, where nothing is known about the person providing the information, their motive for providing it, or the reliability of the information conveyed. The record before this Court provides ample grounds to determine that the information Yahoo provided is reliable and accurate. For this reason, in addition to the other reasons already set forth in the Government's Memorandum in Aid of Sentencing, the Court should consider the conduct underlying the vacated counts when it resentences Defendant.

### B. Multiple Personalities

The Court has asked the parties to comment on its conclusion that in his on-line conversations with other pornographers, Defendant used different persona, and that the type of pornography he trafficked depended on which persona he was using. The Government agrees that the trial evidence demonstrated that Defendant used two essential identities. One was an adult male, often the father of young daughters. This identity was typified by conduct under the names harddude and daddydearest123. The second identity was a young adolescent girl. This persona was typified by conduct under the multiple names with variations on lilhotty.

The Government also agrees that the way Defendant presented himself while using these two identities was fundamentally different. While using the adult male persona, Defendant often boasted about his sexual prowess and described his conquests, including those with minor girls in his neighborhood and even in his household. While using the lilhotty identity, Defendant

played the coy, naïve school girl waiting to learn the sexual ways of the world.  Defendant has admitted that he used this persona because it attracted attention.

The Government does not agree, however, that the criminal conduct associated with these identities was qualitatively different, or that the Court should assign any greater significance to them in determining the appropriate sentence.  Focusing purely on the conduct underlying the upheld counts, in the e-mail exchange Defendant had with hakan daddy(dadof_tbabes) (Count 10), he used the harddude identity, transmitted images of pre-adolescent girls in bathing suits, and included commentary to make it sound as though the girl in the picture was his daughter or otherwise closely associated with him ("Would u want to do ther [sic]? These were on vacation three yrs ago.  She was almost 12.").  In response, hakan daddy sent four images of child pornography.  This would appear consistent with the theory that while using the harddude line of identities, Defendant played a hands-on offender, engaged in the vilest chat, and traded the most egregious material.  This theory is played out in many other Google Hello chat conversations, such as Defendant's chat with torxdrive, in which Defendant describes himself as 45 years old and talks graphically about his sexual conquests with a nine-year-old neighbor girl.

Other chats, however, show that Defendant also traded egregious young material while posing as a naïve girl.  In his chat with kinkybink on August 11, 2007 (Counts 12 and 13), Defendant posed as lilhotty, claimed he was a 12-year-old girl from the United Kingdom, and transmitted photos of the young adolescent girl with the pageboy haircut that he favored using with his lilhotty identity.  Posing as this young girl, "she" talks about being abused by "her" father from a very young age.

5

Yet before ever transmitting images of the girl with the pageboy haircut, Defendant transmitted images of very young girls engaged in sexually explicit conduct. And when kinkybink transmitted similar images back to Defendant, Defendant responded with a smiley face emoticon, and later with the words "oh yaaaa." After kinkybink sent additional images of child pornography depicting very young girls, Defendant responded "omg im rubbin now!!"

For these reasons, the Government discourages the Court from drawing qualitative distinctions about Defendant's child pornography collection based on the on-line identity he was employing when he sent and received the images. The bottom line is that Defendant searched for, chatted about, sent, received and saved *all* of the images – toddlers to teenagers, coy poses to hard core sex acts – and it is based on the collection in its entirety that he should be sentenced.

Dated:   September 6, 2013                                  THOMAS E. DELAHANTY II
                                                            UNITED STATES ATTORNEY


                                                            BY: **/s/  GAIL FISK MALONE**
                                                            GAIL FISK MALONE
                                                            DONALD CLARK
                                                            Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 6, 2013, I electronically filed Government's Reply Memorandum in Aid of Re-Sentencing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

 David R. Beneman, Esq., at David.Beneman@fd.org

            Thomas E. Delahanty II
            United States Attorney

            BY: **/s/ Gail Fisk Malone**
            Gail Fisk Malone
            Assistant United States Attorney
            U.S. Attorney's Office
            202 Harlow Street, Suite 111
            Bangor, Maine 04401
            Tel: 207-945-0373
            gail.f.malone@usdoj.gov